# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARWIN MILLER and ROSE MILLER | § § | |
| V. | § § | CASE NO. 4:15-CV-186 |
| | | Judge Mazzant |
| JUDGE MICHAEL MILLER, ADULT PROTECTIVE SERVICES, DEPARTMENT OF AGING AND DISABILITY, DUNCANVILLE POLICE DEPARTMENT, BALCH SPRINGS POLICE DEPARTMENT, AND MESQUITE POLICE DEPARTMENT | § § § § § § | |

## MEMORANDUM OPINION AND ORDER

On March 17, 2015, Plaintiff, Marwin Miller, filed his complaint pro se in this Court alleging claims on behalf of himself and his mother, Rose Miller ("Ms. Miller"). Plaintiff also filed a motion for leave to proceed in forma pauperis (Dkt. #2). Plaintiff's complaint alleges that Ms. Miller had surgery, and following the procedure the hospital staff neglected Ms. Miller. Plaintiff asserts that the doctors attempted to give Ms. Miller antipsychotic drugs that were not approved by Plaintiff or his mother, and asserts that they were targeted by nurses, doctors, and social workers who conspired with Adult Protective Services, the Department of Aging and Disability, and the Probate Court to take retirement, federal funding, and Medicare and Medicaid benefits of elderly individuals. Plaintiff asserts that the elderly are drugged to the point of incapacitation and then kidnapped from their family members. Plaintiff asserts that the Probate Court in this case issued an emergency removal protective order and is now hiding his mother from him. Plaintiff seeks the return of his mother.

## ANALYSIS

Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court may authorize the commencement of an action without prepayment of fees to "a person who submits an affidavit that includes a statement of all assets such person ... possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). When a plaintiff is proceeding in forma pauperis, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines, the allegation of poverty is untrue or the action or appeal is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). Plaintiff's in forma pauperis complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and ... a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

The Court finds that it lacks subject matter jurisdiction over this case. The Court may establish subject matter jurisdiction in one of two ways. First, the Court has subject matter jurisdiction over those cases in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, which is referred to as diversity jurisdiction. 28 U.S.C. § 1332. A review of Plaintiff's complaint reveals that all parties are citizens of Texas. Thus, there is no diversity between Plaintiff and Defendants. Plaintiff additionally does not allege an amount in controversy in excess of $75,000. Accordingly, diversity jurisdiction does not exist in this case.

The Court also has subject matter jurisdiction over those cases arising under federal law. 28 U.S.C. § 1331. A case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). Plaintiff's causes of action are difficult to determine from the complaint; however, after a thorough review, the Court is unable to find any questions of federal law that would apply to the facts in this case. Thus, the Court determines that it does not have subject matter jurisdiction over this case, and it should be dismissed.[1]

## CONCLUSION

Based on the foregoing, the Court finds that this action is hereby **DISMISSED** *sua sponte* without prejudice for lack of subject matter jurisdiction. Plaintiff's Motion for Leave to Proceed In Forma Pauperis is hereby **DENIED.**

All relief not previously granted is hereby **DENIED**.

The clerk is directed to **CLOSE** this civil action.

---

[1] The Court additionally notes that venue is not proper in this district, since no Defendant resides in this district and a substantial part of the events or omissions did not occur in this district.

**SIGNED this 29th day of May, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE